IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH MICHAEL WHITE, JR., <br><br> Plaintiff, <br><br> v. <br><br> DIRECTOR GAIL WATTS, et al., <br><br> Defendants. | Civil Action No.: SAG-21-2234 |

**MEMORANDUM**

Self-represented Plaintiff Joseph Michael White Jr., an inmate presently incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland, filed this civil action against Director Gail Watts, Lieutenant Murphy, and Officers Stollins, Miller, and Olds on August 30, 2021. ECF No. 1. On December 13, 2021, Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 9. Plaintiff was granted an extension of time in which to respond to Defendants' Motion and defense counsel was directed to send a copy of the Motion to Plaintiff via certified mail. ECF 12. Defendants were thereafter directed to show cause why they had failed to comply with the Court's Order, to which a response was filed on April 20, 2022. ECF No. 14. The documentation provided by Defendants indicates that Plaintiff received a copy of Defendants' Motion on April 11, 2022. ECF No. 14 at ¶ 5; ECF No. 14-3. To date, Plaintiff has not responded to Defendants' Motion. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Court will grant Defendants' Motion.

**I.   Background**

Plaintiff alleges that on November 24, 2021, at approximately 11:45 a.m., while detained at the Baltimore County Detention Center, he was in a verbal altercation with Officer Olds which

escalated when Officer Olds threw Plaintiff to the ground, hitting Plaintiff's head several times. ECF No. 1 at 2-3.  Lieutenant Murphy and Officers Miller and Stollins responded to a code call where Officer Miller allegedly kicked Plaintiff in the head, and Officer Stollins "banged [Plaintiff's] head [in]to the glass." *Id.* at 3.  Plaintiff states that Lt. Murphy did nothing to stop the officers from assaulting him. *Id.*  Plaintiff states that since the assault he has suffered constant headaches and pain in his left knee. *Id.*

## II.     Standard of Review

Defendants move to dismiss, arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  ECF No. 9.  To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.  However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

## III.    Discussion

Defendants raise the affirmative defense that Plaintiff has failed to exhaust his administrative remedies.  ECF No. 9-1 at 1.  If Plaintiff's claim has not been properly presented

through the administrative remedy procedure it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).  Nevertheless, a claim that has not been exhausted may not be considered by this court.  *See Bock*, 549 U.S. at 220.  In other words, exhaustion is mandatory.  *Ross v. Blake*, 578 U.S. 632, 639 (2016).  Therefore, a court ordinarily may not excuse a failure to exhaust.  *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Defendants assert that Plaintiff admitted in his Complaint that he "did not exhaust administrative remedies by filing a grievance as required by the Detention Center," relying on Plaintiff's response to a question on the Court's preprinted complaint form. ECF No. 9-1 at 2; *see* ECF No. 1 at 2. In his Complaint, Plaintiff responded in the negative to whether he had filed a grievance as required by the prison's administrative remedy procedure. ECF No. 1 at 2. The Court must accept as true the factual allegations in the Complaint, and therefore, must accept as true Plaintiff's admission that he did not file a grievance with the Detention Center concerning his assault claims. Because exhaustion must be completed before filing an action pursuant to 42 U.S.C. § 1983 and Plaintiff failed to do so, the Court will grant Defendants' Motion and dismiss the Complaint without prejudice.

**IV.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and the Complaint is DISMISSED without prejudice.[1]

A separate Order shall issue.

<u>June 8, 2022</u>                                                          /s/
Date                                                             Stephanie A. Gallagher
                                                                 United States District Judge

---

[1] In light of this ruling, the Court need not address Defendants' remaining argument.